Caldwell, J,
The case of H. H. Pratt v. W. F. Walworth is here on ■error from the court of common pleas, and the error alleged is that when the trial of the case opened below, H. H. Pratt offered himself as a witness, and objections were made to any testimony under the pleadings. The objection was ■sustained, Motion for a new trial was made and overruled. A bill of exceptions is here presented, setting forth what ■was done at the trial.
The action of Pratt came about in this way:
H. H. Pratt and P. W. Payne were partners selling typewriters, and they desired to dissolve partnership, and it was done in this way. P. W. Payne wrote this letter, ■which was acted upon by his partner, H. H. Pratt:
“For the purpose of closing our partnership and to enable one of us to act elsewhere, I hereby make to Mr. H. H. Pratt the following proposition:
“I will give or take for your entire interest in the business, as it now stands, Five Hundred Hollars ($500.00), to include the good-will and ownership of all assets of the business of whatever kind, and the assumption of all the liabilities of the same by the remaining partner,and the giving by him to the retiring partner full and sufficient indemnity against past, present and future liability arising out of the partnership business.”
Pratt acted upon this proposition by agreeing to sell up *413 on the terms therein stated, and then Walworth gave this indemnity:
‘‘I hereby guarantee to H. H. Pratt against any liability on paper, made by the late firm of Payne & Pratt, with my endorsement; also against liability on acceptance in favor of Smith-Premier Company, dated May 1st and due July 3rd, 1892, and generally against any liability legally incurred as a member of said firm. W. F. Walworth.”
The Smith-Premier Typewriter Company, one of the creditors named herein, sued, and obtained a judgment and issued execution, and that was returned ‘‘No goods found.” Then H. H.. Pratt, to whom this indemnity writing or contxact was given, brought suit against W. F. Walworth to recover the amount of the judgment that had been rendered against him by the Smith-Premier Typewriter Company, and then the Smith-Premier Typewriter Company came into court below, and by proper pleadings undertook to place itself in position that whatever Walworth paid to Pratt, it might receive on that judgment — whenever the amount of the judgment was paid, it might receive it.
The ground on which the' court below refused to hear testimony under the pleadings was that this was an indemnity to save harmless Mr. Pratt, and that there was no liability. There was no cause of action against Walworth until Pratt had paid this judgment that had been rendered against him; whenever he had made any payment, then he might recover, and not until then.
.This class of contracts has frequently been before this court andvthe courts of different states; and the courts of our state have passed upon matters of this kind to some extent;and the general holding is, with very rare exceptions, that if the contract of indemnity is to save the party indemnified, harmless or from all damages, that then there is no cause of action on the part of the person indemnified against the one who indemnifies until such time as judgment has been ren *414 dered and has been paid by him. If it is to pay a certain obligation that the party, the one indemnified, is to pay, the authorities are quite unanimous, if not entirely so, that the time of payment is whenever the obligation exists; some authorities holding that whenever the debt is due and unpaid, the action may be brought; others holding that it must be determined to be due, and the amount, by some judicial action. But nowhere in this state, do we find any case that covers the language in this indemnity contract. The arrangement between the parties was, that the one who bought the assets of the firm, was to furnish the indemnity contract — full and sufficient indemnity against past, present and future liabilities; not against any damage, but to save him harmless from past, present and future liability, nor that the person who gave the indemnity contract should pay all the debts, but was to save him from liability, and the indemnity contract follows that language: “I hereby guarantee H. H. Pratt against any liability,” and that word “liability” is the one used.
Therefore, as to j’ust how this contract should be construed we get no light from the adjudications in this state; and going to other states, we find some little disagreement among the authorities. The general current of authority, and quite general on behalf of a large number of the states, is, that a contract of this kind is to be construed that the the liability, or that the person who signs the indemnity contract, can be sued at any time after judgment has been secured against the party who is indemnified.
There are two or three cases cited to us — one in Indiana, one from Michigan, that construe such a contract in such a way that there can be no cause of action until the judgment is paid; but they are exceptions to quite a well settled line of adjudications, that the cause of action arises whenever liability is established by judgment obtained against the party indemnified and we believe that is the ruling that *415 should obtain in this case; that Mr. Pratt had his cause of action when the judgment was rendered against him, and that he did not bring it until that time had arrived, and that his cause of action at thqt time existed against Walworth, and the ruling^of the court, therefore, was erroneous.
C. A. Neff, for Plaintiff in Error.
Carpenter & Young, Gilbert & Hill, for Defendant in Error.
The creditor seeks to come in here, and has argued his case upon the supposition that no cause of action at that time existed on the part of Pratt against Walworth,and yet, notwithstanding a creditor could subject the liability of Walworth, even at that time, for the payment of the debt to it.
We think there is no warrant for that.
But if Pratt had a cause of action — if the time had come when Pratt could subject the indemnity contract to his benefit, and his cause of action was complete, then it is entirely proper that the creditors should intervene and receive the. benefit therein from the court.
The case is reversed,and remanded for new trial.